**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **REVIUS NORRIS & VALERIA NORRIS, on behalf of their minor child, L.L.N.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 26-1575** |
| **JEFFERSON PARISH SCHOOL BOARD** | **SECTION: T (5)** |

**ORDER AND REASONS**

Before the Court is a Motion for Preliminary Injunction (R. Doc. 4) filed by Plaintiffs, Revius and Valeria Norris, on behalf of their minor daughter, L.L.N. (collectively, "Plaintiffs"). Plaintiffs seek preliminary injunctive relief prohibiting Defendant, the Jefferson Parish School Board ("Defendant" or "the School Board") from enforcing L.L.N.'s expulsion from Thomas Jefferson High School after she allegedly brought a knife to school. R. Doc. 4; R. Doc. 4-1, pp. 1-2. The School Board has responded in opposition, contending that misstatements and mischaracterizations of the facts presented in Plaintiffs' Motion require the Court to either deny the Motion on the briefs or set an evidentiary hearing before deciding to grant the Motion. R. Doc. 8. Additionally, Plaintiffs have filed a reply in support (R. Doc. 11), arguing that because the factual record demonstrates satisfaction of each of the Rule 65 factors, the Court should grant the Motion to preserve the status quo and reserve any factual disputes for later stages of this litigation, as well as a supplemental memorandum in support (R. Doc. 16) wherein Plaintiffs attach a letter from Governor Landry urging the Superintendent to reduce L.L.N.'s period of expulsion. The Court held oral argument on November 4, 2026, and the parties filed supplemental briefs. R. Docs. 23 and 24. Having carefully considered the arguments, the record, and the applicable law, the Court finds that Plaintiffs' Motion should be **DENIED** for the reasons stated below.

## I. BACKGROUND

This litigation arises from a March 2026 incident at Thomas Jefferson High School ("Thomas Jefferson"), in which a knife was discovered in the sports bag of fourteen-year-old honors student L.L.N. during a routine security screening. R. Doc. 4-1, pp. 2-3. According to Plaintiffs, L.L.N.'s father had given her the knife for her protection while attending Mardi Gras festivities. *Id.* at p. 3. She subsequently forgot that it remained in her sports bag and brought the bag to school approximately one month later. *Id.* Plaintiffs maintain that L.L.N. never intended to bring the knife to school nor to harm anyone. *Id.*

An expulsion hearing took place before the superintendent's designee on April 2, 2026. R. Doc. 8, p. 11. Plaintiffs' account of that hearing reflects that L.L.N.'s father explained the circumstances under which the knife ended up in her bag, and the principal presented L.L.N.'s explanation that she had accidentally left the knife in the bag. R. Doc. 4-1, pp. 3, 11. The principal also described L.L.N. favorably and stated that school officials did not believe she brought the knife to campus with an intent to harm. *Id.* at 11.

The hearing officer's April 8, 2026, decision imposed an expulsion for two complete semesters, ending in May 2027, and provided for L.L.N. to continue her studies at Strehle Community School ("Strehle").[1] R. Doc. 8, pp. 11-12. Plaintiffs then appealed to the School Board, and they contend that they appeared with witnesses at the School Board's May 6, 2026, meeting but were not permitted to present testimony or argument. R. Doc. 4-1, pp. 3-4. The School Board has since explained that its review was confined to the administrative record and that it affirmed the decision through its consent agenda. R. Doc. 8, pp. 10-11. Plaintiffs clarify that their present challenge concerns the constitutional adequacy of that review procedure, rather than

[1] Although Plaintiffs initially described the sanction as two academic years, they corrected that description in their reply memorandum. R. Doc. 11, p. 6.

whether they received adequate notice of it. R. Doc. 11, p. 3.

Plaintiffs do not contend that Strehle is incapable of providing a public education. Instead, they emphasize L.L.N.'s loss of access to Thomas Jefferson's honors curriculum, academic environment, extracurricular opportunities, and class standing, together with the stigma associated with the disciplinary designation. *Id.* With the instant motion, they request L.L.N.'s immediate reinstatement to Thomas Jefferson, either through in-person or virtual instruction, and temporary removal of the weapons-related and disciplinary designation from her educational record. R. Doc. 4-1, p. 18.

Responding in opposition, the School Board principally argues that Plaintiffs' motion rests on mischaracterizations of the record; that Plaintiffs were repeatedly informed, and acknowledged, that the School Board's review would be limited to the hearing record; that L.L.N. remains entitled to continue her education at Strehle; and that the case of *Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000) is distinguishable because L.L.N. herself placed the knife in her sports bag. *See* R. Doc. 8. Plaintiffs have filed a reply in support of their motion, contending that the School Board's opposition focuses on credibility and immaterial factual disputes rather than the Rule 65 factors, that the material facts are established by the administrative record, and that an evidentiary hearing is therefore unnecessary. R. Doc. 11, pp. 1-5.

Additionally, after briefing on the Motion had concluded, Plaintiffs sought and were granted leave of court to file a supplemental memorandum. R. Docs. 13, 15, 16. The supplemental memorandum argues that L.L.N. is not receiving the rigorous courses she would receive at Thomas Jefferson, negatively affecting L.L.N.'s emotional well-being and "ability to maintain the academic trajectory necessary to return to honors coursework." R. Doc. 16, pp. 3-4. Plaintiffs also attach a letter from Governor Landry urging the Superintendent to reduce L.L.N.'s expulsion.

**II. LAW AND ANALYSIS**

"A preliminary injunction is an extraordinary remedy." *Atchafalaya Basinkeeper v. United States Army Corps of Eng'rs*, 894 F.3d 692, 696 (5th Cir. 2018). *See also SO Apartments, L.L.C. v. City of San Antonio, Texas*, 109 F.4th 343, 348 (5th Cir. 2024); *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). Thus, courts do not grant relief unless a plaintiff carries the onerous burden of demonstrating "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). Although the decision to grant or deny a preliminary injunction is within the sound discretion of the district court, *see Miss. Power & Light Co. v. United Gas Pipeline Co.*, 760 F.2d 618, 621 (5th Cir. 1985), the Fifth Circuit has "cautioned repeatedly that a preliminary injunction . . . should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield*, 577 F.3d at 253 (quotation and citation omitted). The Fifth Circuit "has applied a 'sliding-scale' analysis to the four preliminary injunction requirements," under which a strong showing on the other three factors may justify temporary injunctive relief upon "a showing of *some* likelihood of success on the merits." *TitleMax of Texas, Inc. v. City of Dallas*, 142 F.4th 322, 328 (5th Cir. 2025) (emphasis added). However, it has also cautioned that a mandatory preliminary injunction "should not be granted except in the rare instances in which the facts and law are clearly in favor of the moving party." *Id.*

Here, Plaintiffs have not demonstrated that this is one of those rare instances. Plaintiffs seek preliminary injunctive relief prohibiting the School Board from (1) enforcing L.L.N.'s

expulsion from Thomas Jefferson, (2) excluding her from Thomas Jefferson, (3) requiring her to attend an alternative school, and (4) maintaining a weapons-related disciplinary offense on her educational record. R. Doc. 4-1, p. 1. They argue that absent such relief, "L.L.N. will suffer ongoing violations of her constitutional rights, together with immediate and irreparable educational, reputational, and emotional harm for which there is no adequate remedy at law." *Id.*

Although Plaintiffs allege that each of the Rule 65 factors is satisfied, *see* R. Doc. 4-1, pp. 6-17; R. Doc. 11, pp. 1-6, Defendant argues that Plaintiffs have not carried their burden because they have not demonstrated irreparable harm or a likelihood of success on the merits. R. Doc. 8, pp. 2, 12-25. The Court addresses the parties' arguments concerning satisfaction of the necessary elements for a preliminary injunction below.

### *A. Substantial Likelihood of Success*

Plaintiffs contend that L.L.N.'s expulsion violated her rights to procedural and substantive due process, deprived her of a liberty interest in her reputation, and interfered with her parents' right to direct her upbringing. R. Doc. 4-1, pp. 9-15. For the reasons below, the Court finds that Plaintiffs have not shown a substantial likelihood of success on any asserted claim.

#### i. <u>Protected Educational Interest</u>

A student's entitlement to public education may constitute a property interest protected by the Due Process Clause of the United States Constitution. *Goss v. Lopez*, 419 U.S. 565, 573-74 (1975). The existence and scope of that entitlement depend on state law. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).

The Fifth Circuit distinguishes exclusion from a particular school from total exclusion from public education, and a transfer to an alternative educational program does not ordinarily deprive a student of her protected entitlement to public education. *See, e.g.*, *Nevares v. San Marcos*

*Consolidated Independent School District*, 111 F.3d 25, 26-27 (5th Cir. 1997). In *Swindle v. Livingston Parish School Board*, the Fifth Circuit applied that distinction to Louisiana's statutory scheme and recognized a protected entitlement to alternative education during an expulsion. 655 F.3d 386, 394–95 (5th Cir. 2011). More recently, in *James v. Cleveland School District*, the Fifth Circuit reaffirmed that particular components of an education, including class ranking and course-related benefits, do not themselves establish a protected property interest. 45 F.4th 860, 865-66, 865 n.2 (5th Cir. 2022).

Here, L.L.N. remains eligible to receive public education at Strehle. R. Doc. 8, p. 12. L.L.N.'s asserted loss of honors courses and other opportunities at Thomas Jefferson do not, standing alone, establish a deprivation of a constitutionally protected property interest. Although Louisiana law requires alternative schoolwork to be aligned with a student's former curriculum, *see* La. R.S. 17:416(A)(3)(e), Plaintiffs have not shown that this requirement guarantees continued enrollment at Thomas Jefferson or identical course offerings. Moreover, even if Plaintiffs could demonstrate deprivation of a protected educational interest, they have not shown the requisite likelihood of success on their contention that the procedures afforded L.L.N. were constitutionally inadequate. Thus, Plaintiffs have not shown a substantial likelihood of success on their property-based claims.

**ii. <u>Procedural Due Process</u>**

Procedural due process requires notice and a meaningful opportunity to respond to the charged conduct. *E.g.*, *Goss*, 419 U.S. at 579. The process required depends on the circumstances, and longer exclusions may require more formal procedures than the brief suspensions the *Goss* Court considered. *Id.* at 584; *Brewer v. Austin Independent School District*, 779 F.2d 260, 262-63 (5th Cir. 1985). Nevertheless, an adequate initial hearing does not create a constitutional

entitlement to another evidentiary hearing on appeal. *Brewer*, 779 F.2d at 263-64 (holding that, where the initial hearing afforded due process, the reviewing official was not required to repeat it because "[d]ue process need only be provided once" and "is not undone by appellate procedures that do not independently provide all the elements of due process").

The present record reflects that Plaintiffs received an initial hearing before the superintendent's designee, the official authorized to determine whether expulsion or other discipline was warranted. *See* R. Doc. 8, p. 11; La. R.S. 17:416(C)(1). Plaintiffs' own submissions reflect that the hearing included their explanation of the knife's presence, the father's testimony, and the principal's favorable account of L.L.N.'s character and lack of harmful intent. R. Doc. 4-1, pp. 3, 11. The hearing officer then issued a written decision addressing the evidence and imposing the sanction. R. Doc. 8, p. 12.

Plaintiffs argue that officials refused to consider the discretion available under Louisiana law. R. Doc. 4-1, pp. 11-12. That contention warrants consideration because the Fifth Circuit under *Brewer* does not permit the initial decisionmaker simply to accept the accuser's recommended punishment automatically. 779 F.2d at 263–64. The materials cited by Plaintiffs, however, show that mitigating circumstances were presented to the hearing officer. R. Doc. 4-1, pp. 3, 11. The principal's statements about the statutory penalty included stating "the superintendent may modify the length of such minimum expulsion requirements on a case-by-case basis," R. Doc. 4-4, p. 2, confirming the hearing officer knew modification of the penalty was permitted, and the decision to impose the statutory minimum does not itself demonstrate that the hearing officer refused to consider a lesser sanction. On this showing, Plaintiffs have not established a likely procedural violation in the initial hearing.

Plaintiffs' principal remaining objection is that the School Board, as the final administrative decisionmaker, did not permit them to present their case again. R. Doc. 11, p. 3. *Brewer* forecloses the premise that constitutionally adequate process must be repeated at every level of administrative review. 779 F.2d at 263-64. The fact that the Board could affirm, modify, or reverse the decision does not independently require a second evidentiary hearing. Nor does the availability of such hearings in other circumstances establish that the record-review procedure used here violated due process.

Plaintiffs' reliance on *Doe v. Rector & Visitors of George Mason University*, 149 F. Supp. 3d 602 (E.D. Va. 2016), does not change this conclusion. *Doe* involved a student who was deprived of notice of the specific charges against him, denying him an adequate opportunity to answer. *Id.* at 615-20. Here, Plaintiffs challenge the Board's refusal to receive additional presentations after the initial hearing. Unlike the student in *Doe*, Plaintiffs have not identified a comparable new charge or evidentiary basis introduced on appeal. Thus, Plaintiffs have not shown a substantial likelihood of success on their procedural due process claim.

**iii. <u>Substantive Due Process and Statutory Discretion</u>**

Louisiana law provides a minimum expulsion of two complete school semesters for a student in grades six through twelve found guilty of possessing a knife with a blade of at least two and one-half inches on school property, while authorizing the superintendent to modify that period on a case-by-case basis in writing. La. R.S. 17:416(C)(2)(a)(i). The Board may also affirm, modify, or reverse the superintendent's decision. *Id.* § 17:416(C)(4).

The existence of discretion, however, does not establish a federal constitutional right to its exercise in Plaintiffs' favor. Even assuming a protected interest, substantive due process review of school discipline is available only in a rare case where a "rational relationship between the

punishment and the offense" is lacking. *Brewer*, 779 F.2d at 264 (quoting *Mitchell v. Board of Trustees*, 625 F.2d 660, 664 n.8 (5th Cir. 1980)).

Plaintiffs principally rely on *Seal v. Morgan*, 229 F.3d 567 (6th Cir. 2000), a Sixth Circuit case which held that expulsion for weapons possession without knowledge of the weapon's presence would lack a rational relationship to a legitimate state interest. *Id.* at 575-76. That decision is not binding on this Court. To the contrary, district courts within the Fifth Circuit have upheld discipline where a student allegedly mistakenly brought a weapon to campus. *See Bundick v. Bay City Independent School District*, 140 F. Supp. 2d 735, 740-41 (S.D. Tex. 2001) (upholding discipline where student previously placed a machete in his vehicle and asserted that he had forgotten it remained there).

For purposes of this Motion, the Court accepts Plaintiffs' account that L.L.N. forgot the knife remained in her bag and that she had no intention of bringing it to school or harming anyone. But Plaintiffs' account also establishes that L.L.N. had previously possessed the knife for personal protection and later brought the bag containing it to school. R. Doc. 4-1, p. 3. Requiring students to exercise care concerning weapons previously placed in their belongings bears a rational relationship to school safety, even when a particular student lacks harmful intent. The Southern District of Texas's decision in *Bundick* to uphold student discipline where a student allegedly forgot a weapon was in his vehicle provides persuasive support for that conclusion.

The sanction of expulsion is substantial, and the mitigating circumstances could support a different disciplinary judgment. The constitutional inquiry, however, does not authorize the Court to substitute its preferred sanction merely because it would weigh those circumstances differently. "It is not the role of the federal courts to set aside decisions of school administrators which the

Court may view as lacking a basis in wisdom or compassion." *Wood v. Strickland*, 420 U.S. 308, 326 (1975). The *Wood* Court further stated:

> [Section] 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and § 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees.

420 U.S. at 326.

Plaintiffs have not shown that imposing the statutory minimum, while making alternative education available, likely crossed the narrow constitutional boundary recognized in *Brewer*. This conclusion does not establish a categorical rule that knowledge is irrelevant to every weapons-possession case.

**iv. <u>Reputational and Parental Interests</u>**

Plaintiffs also emphasize the stigma of a weapons-related charge on L.L.N.'s disciplinary record. R. Doc. 4-1, p. 14; R. Doc. 11, p. 3. The Court's property-interest analysis does not dispose of that separate contention: *Goss* recognizes that school discipline may implicate a student's liberty interest in reputation. 419 U.S. at 574–75. Even assuming that interest is implicated here, Plaintiffs have not shown that L.L.N. lacked a meaningful opportunity to contest the charge and explain the circumstances giving rise to the incident. The same hearing addressed the underlying incident and L.L.N.'s asserted absence of intent. Plaintiffs have therefore not shown a likely deprivation of any liberty interest in reputation without due process.

Finally, a parent's liberty to direct their child's upbringing and education does not give them an unrestricted right to prevent the application of reasonable public-school rules. *See Pierce v. Society of Sisters*, 268 U.S. 510, 534–35 (1925); *Littlefield v. Forney Independent School*

*District*, 268 F.3d 275, 288–91 (5th Cir. 2001). The challenged action concerns the knife's presence at school, rather than the parents' decision to provide it for use elsewhere. Plaintiffs have not shown that applying a school weapons restriction in these circumstances lacks a rational relationship to the School Board's safety interests. Accordingly, Plaintiffs have not shown a substantial likelihood of success on the merits of their claims.

***B. Remaining Injunction Factors and Evidentiary Hearing***

Having found that Plaintiffs have not shown a substantial likelihood of success on the merits, the Court need not address the remaining preliminary injunction factors. Accordingly,

**IT IS ORDERED** that the Motion for Preliminary Injunction (R. Doc. 4) filed by Plaintiffs, Revius Norris and Valeria Norris, on behalf of their minor child, L.L.N., is **DENIED**.

New Orleans, Louisiana, this 9th day of November 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE